# In the United States Court of Federal Claims

|  |  |
|---|---|
| DINEEN CHERYLANN ETIENNE )<br>*on behalf of* )<br>DAEQUAN MYKAL SAMUELS, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>THE UNITED STATES, )<br> )<br>Defendant. )<br> ) | No. 22-1625 C<br>(Filed:  December 5, 2022) |

Dineen Cherylann Etienne, pro se, Hampton, VA.

Matthew Paul Roche, Trial Attorney, Commercial Litigation Branch, Civil Division, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Steven J. Gillingham, Assistant Director.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

Plaintiff Dineen Cherylann Etienne, proceeding pro se, brings this action on behalf of herself and her son. She alleges that the United States and other entities named in the body of her complaint as co-defendants targeted them for a variety of harmful actions. The complaint alleges a wide-ranging conspiracy against her spanning several states and encompassing, among others, various North Carolina and Washington state public officials, the U.S. government, and British reinsurance giant Lloyd's of London. See Am. Compl., Docket No. 10, ¶¶ 1–2. Ms. Etienne levels serious accusations against a variety of actors, primarily state officials. These include charges of attempted murder, data theft, fraud, discrimination, tampering with her vehicles, and various RICO violations. See generally Am. Compl. ¶¶ 2–15.

Ms. Etienne alleges that these crimes and other actions committed against her (and/or her son) have been ongoing since 2010. See id. ¶ 21. The sources of law cited in her complaint include, among others, the PATRIOT Act, various war crimes statutes, the Fourteenth

Amendment, and the Civil Rights statutes, 42 U.S.C. §§ 1983 and 1985. See id. ¶¶ 94–97. She seeks an award of damages in the amount of $30 million. Id. at 34 (Prayer for Relief).

The case is currently before the Court on the government's November 18, 2022 motion to dismiss Ms. Etienne's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of jurisdiction. See Def.'s Mot. to Dismiss, Docket No. 9. For the reasons set forth below, that motion is **GRANTED**.

## DISCUSSION

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, has the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs proceeding pro se, lacking the benefit of counsel in preparing their claims, receive a degree of latitude in their pleadings not afforded parties represented by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, pro se plaintiffs must meet the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163. Ms. Etienne has failed to meet that burden here.

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiffs invoking the court's jurisdiction must therefore identify a substantive right to money damages arising out of a contract, statute, regulation, or constitutional provision. See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In this case, as noted, the complaint includes numerous allegations of misconduct by private actors and state officials that Ms. Etienne identifies as codefendants in the body of the complaint. See, e.g., Am. Compl. ¶ 19 (naming Lloyd's of London as codefendant); ¶ 23 (naming state of Washington); ¶ 37 (naming North Carolina Attorney General). But under 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has jurisdiction over claims against the United States; it lacks jurisdiction over claims against other private or governmental entities. United States v. King, 395 U.S. 1, 2–3 (1969) (stating that this court's jurisdiction is "limited to money claims against the United States Government"); Payne v. United States, 139 Fed. Cl. 499, 510 (2018) ("It is well established that this court lacks jurisdiction to hear claims against individuals."); Sellers v. United States, 110 Fed. Cl. 62, 66 (2013) ("[T]he Court of Federal Claims has jurisdiction only over claims against the United States.").

The Court of Federal Claims also lacks jurisdiction over claims arising under 42 U.S.C. §§ 1983 and 1985. Those statutes permit plaintiffs to bring suit against state officials for violating federal law and serve an important purpose in "interpos[ing] the federal courts between the States and the people, as guardians of the people's federal rights." Mitchum v. Foster, 407 U.S. 225, 242 (1972). Under 42 U.S.C. § 1983, plaintiffs may recover against any person acting "under color of" state law, while 42 U.S.C. § 1985 prohibits conspiracies intended to deprive individuals of their civil rights or prevent them from discharging their duties as federal officials. However, 28 U.S.C. 1343(a)(4) states that "[t]he district courts shall have original jurisdiction of any civil action . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." As such, the Court of Federal Claims lacks jurisdiction over claims brought under §§ 1983 and 1985. See also Johnson v. United States, 135 F.3d 778 (Table), 1998 WL 39162, at *2 (Fed. Cir. 1998) ("It is well established . . . that § 1983 does not confer jurisdiction on the Court of Federal Claims over claims against the United States.") (citing Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed. Cir. 1995)); Willis v. United States, 96 Fed. Cl. 467, 470 (2011) ("[J]urisdiction for civil rights claims, including section 1985 claims, lies exclusively in the district courts.").

Similarly, RICO is not a money-mandating statute and the Court of Federal Claims lacks jurisdiction over claims brought under it. See Trevino v. United States, 557 Fed. App'x 995, 998 (Fed. Cir. 2014) (affirming dismissal of plaintiff's tort, § 1983, and RICO claims); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the Court of Federal Claims has no jurisdiction to hear RICO claims). To the extent that Ms. Etienne's complaint could be construed as raising tort claims against the United States or violations of the criminal laws arising out of her allegations of torture, attempted murder, property theft, terrorism, recruitment of child soldiers, vandalism, and other transgressions—the Court lacks jurisdiction over those claims as well. See 28 U.S.C. § 1491 (granting the Court of Federal Claims jurisdiction to hear claims against the United States for money damages "not sounding in tort"); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding the Court of Federal Claims lacks jurisdiction over tort claims); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court [of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.").

Finally, in her response to the government's motion to dismiss, Ms. Etienne alleges that an unnamed official at the Court tampered with her amended complaint, and she "requests judgment" based on what she characterizes as a fraud on the Court. See Pl.'s Resp. to Def.'s Mot. to Dismiss, Docket No. 11, ¶¶ 12–13. Ms. Etienne bases this claim solely on the officer's refusal to stamp the amended complaint with the date and time of receipt. See id. ¶ 12.

Fraud on the court is "construed very narrowly" and "confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." See Great Coastal Exp., Inc. v. Int'l Broth. of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982). Ms. Etienne has not identified any specific aspects of her amended complaint that have been altered, nor does she give the Court any other reason to doubt the integrity of its officers or believe that the court's integrity and ability to function impartially have been impinged. She has failed therefore to state a claim for fraud on the court.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss Ms. Etienne's amended complaint is **GRANTED** and this case is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Chief Judge, U.S. Court of Federal Claims